JONES, Judge.
Defendant appeals from a judgment ordering him to pay for petroleum products purchased from plaintiff and Texaco, Inc., and rejecting his reconventional demand for gasoline sales rebate which he sought to use as a setoff against plaintiff’s claim on open account. We affirm.
Plaintiff was the Texaco distributor, and for several years prior to October 15, 1970, sold Texaco products to Leon Wooten, owner and operator of a store in Cullen, Louisiana. Wooten received a rebate on gasoline sales which was paid by plaintiff and Texaco, Inc. On October 15, Wooten sold the merchandise in his store to defendant and leased him the store. At the time of this lease it was agreed by Wooten and plaintiff that Wooten would continue to receive rebates on all gasoline sold at the leased premises. Defendant acknowledged he had been informed there was an agreement between plaintiff and Wooten with regard to gasoline, and he had advised them he had no objection to it as long as he received his profit on gasoline sold by him. Null denied any knowledge of the details of the agreement.
Texaco paid as a rebate % cents per gallon to plaintiff who was to make an equal rebate contribution resulting in a total rebate of IV2 cents per gallon. Following defendant’s acquisition of the store, in accordance with plaintiff’s agreement with *1231 Wooten, rebate payments were made to Wooten. Plaintiff gave 1 cent per gallon rebate to Wooten and retained V2 cent per gallon rebate, a portion of which was used to maintain the Wooten store. Texaco was unaware the rebate was not being paid to defendant.
In November, 1971, Texaco commenced requiring the dealer to submit a signed letter directed to the distributor requesting the rebate. A letter over the signature of Alva Null, notarized by Joanne Green, requesting rebate dated November 9, 1971, was submitted to Texaco. Another letter was submitted to Texaco over Null’s signature making the same request on October 13, 1972. Null denied knowledge of either of these letters. Plaintiff admits signing the second one but testified he signed Null’s signature to the letter with Null’s permission.
In February, 1973, Texaco auditors contacted defendant and discovered he had never received any of the rebate. From this incident defendant became convinced he should have received the rebate and refused to pay his account with plaintiff and Texaco. After discovering plaintiff had not been remitting the rebate to defendant, Texaco rescinded the rebate previously paid and charged the amount of rebate payments to plaintiff. The total amount of the rebate paid by Texaco was $3,733.09.
The theory of defendant’s reconventional demand is he was entitled to a rebate of IV2 cents per gallon totaling $7,466.18, one-half of which was owed to him by plaintiff by virtue of plaintiff having collected same from Texaco, and the other of which was owed to him by plaintiff by virtue of plaintiff’s obligation to match Texaco’s rebate. Defendant urges plaintiff should not be permitted to be unjustly enriched by virtue of its wrongful acts of misrepresentation, and funds received by plaintiff acting as defendant’s agent belong to defendant.
The trial court, in rejecting defendant’s reconventional demand, found defendant knew he was not entitled to the rebate. This is a reasonable evaluation of the evidence. In the absence of manifest error we will not disturb factual findings on appeal. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The rebate plaintiff collected from Texaco was rescinded by Texaco and plaintiff satisfied Texaco’s claim for this rescinded rebate. Plaintiff misrepresented the facts to Texaco in order to induce Texaco to make the rebate. This misrepresentation on the part of plaintiff to Texaco does not entitle defendant to the rebates received by plaintiff; on the contrary, Texaco was entitled to reclaim the money paid to plaintiff under these circumstances. When Texaco rescinded the rebate, plaintiff, who had never made any agreement to pay a rebate to defendant, clearly had no obligation to make a matching rebate contribution.
The record supports the finding of the trial court.
For reasons assigned, the judgment of the trial court is affirmed at appellant’s cost.